# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SERGEANT JANET KEMPER, P.O. CHU, )<br>Individually, and the CITY OF CHICAGO, )<br>)<br>Defendants. )<br>) | COMPLAINT FOR VIOLATION<br>OF CIVIL RIGHTS AND STATE<br>SUPPLEMENTAL CLAIMS<br><br>**JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff COURTNEY LEWIS ("LEWIS") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Sergeant JANET KEMPER ("KEMPER") was employed by the CITY OF CHICAGO Police Department, and was acting under color of state law and as the employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being sued in her individual capacity.

5. At all times herein mentioned, Defendant City of Chicago Police Officer CHU ("CHU") was employed by the CITY OF CHICAGO Police Department, and was acting under

color of state law and as the employee, agent, or representative of the CITY OF CHICAGO Police Department. This Defendant is being used in his individual capacity.

6. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

7. On September 29, 2010, Plaintiff was at his home at 1115 East 53rd Street in Chicago, County of Cook, State of Illinois.

8. On that day and place, Defendants KEMPER and CHU (the "Individual Defendants") seized Plaintiff.

9. Plaintiff did not consent to being seized.

10. There was no reasonable suspicion or other legal cause for seizing Plaintiff.

11. In the course of Plaintiff's seizure, Defendant KEMPER made defamatory statements in a public place concerning Plaintiff including, but not limited to, that Plaintiff was neglecting his parishioners' children and "pimping" the children.

12. By reason of Defendants' above-described acts or omissions, Plaintiff sustained injuries, including but not limited to humiliation and indignities, and mental and emotional pain and suffering all to his damage in an amount to be ascertained.

13. Defendants' aforementioned acts were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of Defendants' above-described acts and omissions, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in this action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants KEMPER and CHU for UNLAWFUL SEIZURE

15. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

16. By reason of the Individual Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

17. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Defendants KEMPER for the Supplemental Claim of DEFAMATION

18. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

19. Plaintiff is a public figure within his community as the Pastor of Cornerstone Baptist Church of Chicago.

20. Plaintiff is not, and never has been, engaged in any activities involving the solicitation of children or neglect of children.

21. The statements by Defendant KEMPER that Plaintiff was neglecting the children and "pimping" the children were false and defamatory.

22. Defendant's statements and publications of Plaintiff were unprivileged.

23. KEMPER took no action to confirm the truth of her statements.

24. Plaintiff has suffered loss as a public figure as a result of the statements made by Defendant KEMPER. Moreover, Plaintiff and his family have been subjected to embarrassment and ridicule as a result of these statements, causing substantial emotional distress to Plaintiff and his family. Altogether these tangible and intangible losses have amounted in compensable harm in an amount to be ascertained according to proof at the time of trial.

25. Because the conduct of KEMPER was reckless, the Defendant is liable for punitive damages.

## COUNT III
### Against the CITY OF CHICAGO for
### The State Supplemental Claim of INDEMNIFICATION

26. Plaintiff hereby incorporates and re-alleges paragraphs (1) through fourteen (14) hereat as though fully alleged at this place.

27. Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his/her employment, is found liable.

28. The acts and/or omissions of the Individual Defendants and each of them were committed within the scope of their employment.

29. In the event a judgment for compensatory damages is entered against the Individual Defendants and/or any of them, the CITY OF CHICAGO must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests a judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the CITY OF CHICAGO be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the CITY OF CHICAGO be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred;

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                                                BY:    <u>s/ Jonathan Ksiazek</u>
                                                           Jonathan R. Ksiazek
                                                           ED FOX & ASSOCIATES
                                                           Attorneys for Plaintiff
                                                           300 West Adams, Suite 330
                                                           Chicago, Illinois  60606
                                                           (312) 345-8877
                                                           jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Jonathan Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com