```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

COURTNEY LEWIS,                  )
                                 )
        Plaintiff,                )    No. 10 C 7957
                                 )
        v.                        )
                                 )
SERGEANT JANET KEMPER, P.O.       )
CHU, Individually,                )    Magistrate Judge
and the CITY OF CHICAGO,          )    Arlander Keys
                                 )
        Defendants.               )
                                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Courtney Lewis, has filed a three-count Complaint against defendants Sergeant Janet Kemper, Police Officer Wai Chu, and the City of Chicago (collectively the "Defendants") alleging unlawful seizure under 42 U.S.C. §1983 and related state law claims of defamation and indemnification. Defendants move to dismiss Count II, the defamation claim, of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion to dismiss Count II [#11] is denied.

### Background

The following facts are drawn from the Complaint and are accepted as true for purposes of resolving the motion to dismiss. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). On September 29, 2010, Plaintiff, Mr. Lewis, was at his home at 1115 East 53rd Street in Chicago, County of Cook, State of Illinois.

Complaint at ¶7. On that day and place, Defendants Sgt. Kemper and Officer Chu seized Plaintiff. *Id.* at ¶8. There was no reasonable suspicion or other legal cause for seizing Plaintiff. *Id.* at ¶10. In the course of Plaintiff's seizure, Sgt. Kemper made defamatory statements in a public place concerning Plaintiff including, but not limited to, that Plaintiff was neglecting his parishioners' children and "pimping" the children. *Id.* at ¶11. By reason of Defendants' above-described acts or omissions, Plaintiff sustained injuries, including, but not limited to, humiliation and indignities, and mental and emotional pain and suffering. *Id.* at ¶12.

Plaintiff is a public figure within his community as the Pastor of Cornerstone Baptist Church of Chicago. Complaint at ¶19. Plaintiff is not, and never has been, engaged in any activities involving the solicitation of children or neglect of children. *Id.* at ¶20. The statements by Sgt. Kemper that Plaintiff was neglecting the children and "pimping" the children were false. *Id.* at ¶21. Defendant's statements and publications of Plaintiff were unprivileged. *Id.* at ¶22. Sgt. Kemper took no action to confirm the truth of her statements. *Id.* at ¶23. Plaintiff has suffered loss as a public figure as a result of the statements made by Kemper. *Id.* at ¶24. Moreover, Plaintiff and his family have been subjected to embarrassment and ridicule as a result of these statements, causing substantial emotional

distress to Plaintiff and his family. *Id.*

**Analysis**

I. **Standard of Review**

Dismissal under Rule 12(b)(6) is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Weizeorick v. Abn Amro Mortgage Group, Inc.*, 337 F.3d 827, 830 (7th Cir. 2003). When considering a motion to dismiss under Rule 12(b)(6), the Court looks to the sufficiency of the complaint: the Court accepts all well-pled allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The Court does not ask whether Plaintiff will ultimately prevail; rather, it asks whether Plaintiff is entitled to offer evidence to support his claims against Defendants. *E.g., Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327 (7th Cir. 1999).

II. **Sgt. Kemper**

In their motion to dismiss, Defendants argue that the defamation claim against Sgt. Kemper should be dismissed. They contend that the statements at issue were made within the course of Sgt. Kemper's official duties as a sergeant of the Chicago Police Department and, therefore, she is entitled to absolute immunity.

Illinois recognizes the defense of absolute immunity in

3

defamation actions against government officials, which includes police officers. *Capeheart v. Northeastern Illinois University*, 08 CV 1423, 2010 WL 894052, at *3 (N.D. Ill. Mar. 9, 2010); *Harris v. News-Sun*, 646 N.E.2d 8, 11 (Ill.App.Ct. 1995). Governmental officials are entitled to absolute immunity only if their statements are reasonably related to their official duties. *Villagrana v. Vill. of Oswego*, No. 04 C 4603, 2005 WL 2322808, at *5 (N.D.Ill. Sept.22, 2005).

Defendants argue that Sgt. Kemper's statements were related to "public safety, criminal activity, and law enforcement," her official duties. Mot. at 3. As set forth in the Complaint, Sgt. Kemper made the allegedly defamatory statements during the course of a seizure. *Id.* at 4; Complaint at ¶11. However, Plaintiff contends that, contrary to Defendants' argument, Sgt. Kemper's actions were not immunized under the absolute immunity doctrine, because her statements were not reasonably related to her duties as a sergeant of the Chicago Police Department. Plaintiff argues that Sgt. Kemper's statement that Plaintiff was "pimping" his parishioner's children was not reasonablely related to Sgt. Kemper's reason for seizing Plaintiff. Resp. at 6.

On a motion to dismiss under Rule 12(b)(6), the Court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Marshall-Mosby*, 205

4

F.3d at 326. Thus, the Court must assume that Sgt. Kemper's statements regarding Plaintiff's neglecting and "pimping" of children, during Plaintiff's allegedly unlawful seizure, were not her reason for seizing him. Accordingly, the determination of whether Sgt. Kemper's statements were reasonably related to her official duties are issues of fact that cannot be determined at this time. *See Villagrana*, 2005 WL 2322808 (denying defendants' motion to dismiss the defamation claim because there was a question of fact as to whether the absolute immunity defense applied to defendants' action which could be considered to be unrelated to their duties). Defendants' motion to dismiss Count II is denied.

### III. The City of Chicago

Next, in their motion to dismiss, Defendants argue that the defamation claim against the City of Chicago must be dismissed, because according to Illinois law, a local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous. However, Count II of Plaintiff's complaint alleges defamation only against Defendant Sgt. Kemper, and does not allege defamation against either Officer Chu or the City of Chicago. Complaint at pp. 3-4. Accordingly, Defendants' argument that the City of Chicago is immune from Plaintiff's defamation claim is unnecessary as there is no claim alleged against the City for defamation.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss Count II of the complaint is denied.


Dated: May 13, 2011          E N T E R:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge